UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMMY CIARAMITARO,

        Plaintiff,

vs.

        Case No. 09-CV-13492
        HON. GEORGE CARAM STEEH

UNUM LIFE INSURANCE COMPANY
OF AMERICA, a foreign corporation, and
GREEKTOWN CASINO LLC, a Michigan
Limited Liability Company,

        Defendants.

_____/

## ORDER GRANTING DEFENDANT UNUM LIFE INSURANCE COMPANY'S MOTION TO DISMISS (# 8)

Defendant Unum Life Insurance Company of America moves to dismiss plaintiff Tammy Ciaramitaro's claims of breach of contract, promissory estoppel, equitable remedies, breach of good faith and fair dealing, unfair and deceptive trade practices, liability under the Racketeer Influenced and Corrupt Organizations Act ("RICO"),18 U.S.C. § 1962, bad faith, intentional infliction of emotional distress, and claims for general damages, special damages, and punitive damages under state law. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

Plaintiff Ciaramitaro filed a five-page complaint on September 4, 2009 alleging she is eligible to receive long-term disability insurance benefits under an Unum group employee benefit plan provided by her employer defendant Greektown Casino, L.L.C., and governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, et seq..

Ciaramitaro alleges that she is disabled as the result of degenerative disc disease, osteoporosis, lumbar myositis, sciatica, herniated discs, leg numbness, dizziness, fatigue, back pain, and fainting.  The Complaint continues:

> 11.  Plaintiff applied for long-term disability coverage from Defendant UNUM.
>
> 12.  Defendant UNUM has wrongfully denied Plaintiff's long-term disability benefits.
>
> 13.  Defendant UNUM's denial of benefits was arbitrary and capricious and contrary to medical and other evidence that overwhelmingly supports Plaintiff's claim of total disability.
>
> 14.  Defendant UNUM <u>breached its contract</u> with Plaintiff by refusing to pay lawful insurance policy benefits.
>
> 15.  Defendant GREEKTOWN instructed Defendant UNUM to deny its long-term disability benefits.
>
> 16.  Defendant GREEKTOWN influenced Defendant UNUM to deny its long-term disability benefits.
>
> \*     \*     \*
>
> 18.  Defendant UNUM, by making false and misleading statements and promises, is bound by the terms of its contract by <u>promissory estoppel</u>.
>
> 19.  Defendant UNUM is obligated to <u>specifically perform</u>, and plaintiff is entitled to other <u>equitable remedies</u> by virtue of UNUM's <u>waiver, acquiescence and equitable estoppel</u>.
>
> 20.  Defendant UNUM <u>breached its duty of good faith and fair dealing</u>.
>
> 21.  Defendant UNUM engaged in <u>unfair and deceptive trade practices</u>.
>
> 22.  Defendant GREEKTOWN engaged in <u>unfair and deceptive trade practices</u>.
>
> 23.  Defendants UNUM and GREEKTOWN <u>violated Federal RICO</u> (Racketeer Industry [sic] and Corrupt Organization) law, 18 U.S.C. 1961 et. seq., by engaging as an enterprise in organized crime.
>
> \*     \*     \*

> 25. Plaintiff received serious personal and financial injuries, including <u>intentionally inflicted stress</u>[;] . . . was wrongfully denied treatment and care; incurred medical bills for treatment and care, and will continue to do so in the future; and as a direct result of defendant UNUM acting in bad faith with Plaintiff, Defendant UNUM committed the independent <u>tort of intentional infliction of emotional distress</u>.

Complaint, at 3-4 (emphasis added). Ciaramitaro seeks <u>inter</u> <u>alia</u> "General damages for Plaintiff's past, present, and future physical, medical and psychological injuries," "Special damages," "Punitive damages," and "Civil Penalties pursuant to 18 USC 1961, et. seq.[.]" <u>Id</u>., ¶ 1-3 and 5, at 5.

Unum filed a motion on September 28, 2009, to dismiss all but Ciaramitaro's ERISA claims for long-term disability benefits. Unum argues it is entitled to dismissal of Ciaramitaro's state law claims because they are preempted by ERISA and, alternatively, they fail to state claims on which relief may be granted under Michigan law. Unum also seeks dismissal of Ciaramitaro's claims for general damages, special damages, punitive damages under state law as preempted by ERISA. Unum asserts that it is entitled to dismissal of the RICO claim because the claim is "reverse-preempted" under the McCarran-Ferguson Act, 15 U.S.C. § 1012(b) and, alternatively, fails to state a claim on which relief may be granted under federal law. Unum also seeks dismissal of Ciaramitaro's claim for RICO civil penalties. Ciaramitaro has not filed a timely response to the motion. <u>See</u> E.D. Mic. LR 7.1(b), (d)(1)(B).

Federal Rule of Civil Procedure 12(b)(6) authorizes the court to assess whether the plaintiff has stated a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In deciding a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in favor of the plaintiff, accept the factual allegations of the complaint as true, and determine whether the allegations present plausible claims. <u>Bell Atlantic Corp. v. Twombly</u>,

3

550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007). To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65. Although though the complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (citing Twombly, 127 S. Ct. at 1965).

In conducting this Rule 12(b)(6) analysis, a district court should first identify any conclusory allegations and bare assertions in the complaint that are not entitled to an assumption of truth. Ashcroft v. Iqbal, — U.S. — ; 129 S.Ct. 1937, 1951 (2009). The district court should then consider the factual allegations that are entitled to a presumption of truth and determine if they plausibly suggest entitlement to relief. Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Id. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

Ciaramitaro's factual allegations are limited to: (1) she is covered under an Unum long-term disability group policy as an employee of Greektown Casino; (2) she suffers from degenerative disc disease, osteoporosis, lumbar myositis, sciatica, herniated discs, leg numbness, dizziness, fatigue, back pain, and fainting; (3) she applied for, and was denied, long-term disability benefits under the Unum policy; (4) Unum's denial of her claim was contrary to the medical and other evidence she submitted in support of her claim; (5) defendant Greektown Casino instructed Unum not to pay her claim; and (6) she has and

continues to incur unpaid medical bills. These allegations are entitled to a presumption of truth in assessing whether Unum is entitled to dismissal under Rule 12(b)(6). Iqbal, 129 S.Ct. at 1951. Unum does not seek dismissal of Ciaramitaro's ERISA claim that the denial of her claim for long-term disability benefits was arbitrary and capricious in light of the record evidence she submitted in support of her claim. See Wilkins v. Baptist Healthcare System, Inc., 150 F.3d 609, 619 (6th Cir. 1998); Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 113 (1989).

### I. State Law Claims

ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." Lerner v. EDS Corp., No. 07-1730, 2009 WL 579345, *2 (6th Cir. Mar. 29, 2009) (quoting 29 U.S.C. § 1144(a)). A state law claim is preempted if it is "in essence . . . a claim for the recovery of an ERISA plan benefit." Id. (quoting Penny/Ohlmann/Nieman, Inc. (PONI) v. Miami Valley Pension Corp., 399 F.3d 692, 698 (6th Cir. 2005) (quoting Cromwell v. Equicor-Equitable, HCA Corp., 944 F.2d 1272, 1276 (6th Cir. 1991))). Stated differently, ERISA preempts state law claims that "implicate the relations among the traditional ERISA plan entities, including the principals, the employer, the plan, the plan fiduciaries, and the beneficiaries." Lerner, 2009 WL 579345 at *2 (quoting PONI, 399 F.3d at 698 (quoting LeBlanc v. Cahill, 153 F.3d 134, 147 (4th Cir. 1998))). See also Ramsey v. Formica Corp., 398 F.3d 421, 425 (6th Cir. 2005) (recognizing that ERISA preempts state law claims of bad-faith, improper denial of benefits, insurance bad faith, promissory estoppel, breach of contract, negligent misrepresentation, and breach of good faith premised on the denial of ERISA benefits). ERISA also preempts state law remedies for an improper denial of benefits which are not otherwise available

under the civil enforcement provisions of ERISA. Caffey v. UNUM Life Ins. Co., 302 F.3d 576, 582 (6th Cir. 2002) (citing Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 54 (1987), and Rush v. Prudential HMO, Inc. v. Moran, 536 U.S. 355, — , 122 S.Ct. 2151, 2166 (2002)).

Ciaramitaro's state law claims of breach of contract, promissory estoppel, specific performance, equitable remedies, waiver, acquiescence, equitable estoppel, breach of a duty of good faith and fair dealing, unfair and deceptive trade practices, bad faith, and intentional infliction of emotional distress are preempted by ERISA because they are premised on Ciaramitaro's limited factual allegations that she was wrongfully denied long-term disability benefits under Unum's group employee benefit plan. Iqbal, 129 S.Ct. at 1951. Each of the state law claims are, in essence, claims for the recovery of an ERISA plan benefit owing under the Unum policy. Lerner, 2009 WL 579345, at *2 (and cases cited therein). Ciaramitaro's state law claims clearly implicate the relationship among traditional ERISA plan entities - Ciaramitaro's employer Greektown Casino, the Unum long-term disability plan, the plan's fiduciaries, and Ciaramitaro herself as an Unum plan beneficiary. Id; Ramsey, 398 F.3d at 425. Ciaramitaro's claims for general damages, special damages, and punitive damages under state law are also preempted by ERISA to the extent they seek remedies beyond those available under the civil enforcement provisions of ERISA. Caffey, 302 F.3d at 582. Unum is entitled to dismissal of Ciaramitaro's state law claims of breach of contract, promissory estoppel, specific performance, equitable remedies, waiver, acquiescence, equitable estoppel, breach of a duty of good faith and fair dealing, unfair and deceptive trade practices, bad faith, and intentional infliction of emotional distress because these claims are implausible as preempted by federal law. Twombly, 127 S. Ct. at 1964-65. The court need not address whether the state law claims as alleged by Ciaramitaro

6

state an actionable claim for relief under Michigan law because, assuming they do, they are preempted by ERISA.

## II. RICO Claim

Ciaramitaro's RICO claim is conclusionary, alleging only that Unum and Greektown are liable for "engaging as an enterprise in organized crime." To prevail on a RICO claim, the plaintiff must allege and prove an actionable "pattern of racketeering activity." See 18 U.S.C. § 1962(a), (b), and (c); United States v. Joseph, 835 F.2d 1149, 1151 (6th Cir. 1987). The term "racketeering activity" includes certain federal and state law crimes as "predicate acts." See 18 U.S.C. § 1961(1)(A), (B). Proof of a "pattern of racketeering activity" under 18 U.S.C. § 1962 requires proof of at least two predicate acts. 18 U.S.C. § 1961(5). An actionable "pattern of racketeering activity" also requires proof of "continuity" and "relationship", that is, that the predicate acts are sufficiently continuous and related as to form a "pattern of racketeering activity." Columbia Natural Resources, Inc. v. Tatum, 58 F.3d 1101, 1110 (6th Cir. 1995). Ciaramitaro's RICO claim alleging Unum and Greektown Casino engaged as an enterprise in organized crime constitutes a conclusionary allegation that is not entitled to an assumption of truth, and is therefore subject to dismissal as a matter of law. Twombly, 127 S. Ct. at 1964-65. The court does not reach the issue of "reverse preemption" given the conclusionary nature of the RICO claim.

## III. Conclusion

For the reasons set forth above, defendant Unum Life Insurance Company of America's motion to dismiss is hereby GRANTED. Plaintiff Ciaramitaro's state law claims of breach of contract, promissory estoppel, specific performance, equitable remedies, waiver, acquiescence, equitable estoppel, breach of a duty of good faith and fair dealing,

unfair and deceptive trade practices, bad faith, and intentional infliction of emotional distress are hereby DISMISSED with prejudice. Ciaramitaro's claims for general damages, special damages, and punitive damages under state law are also hereby DISMISSED with prejudice. Ciaramitaro's RICO claim and corresponding claim for damages under RICO are also hereby DISMISSED. Ciaramitaro's remaining ERISA claims will proceed under the procedural framework articulated in <u>Wilkins</u> and <u>Firestone Tire</u>, <u>supra</u>.

SO ORDERED.

Dated: November 6, 2009

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 6, 2009, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---