UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMARA CIARAMITARO,

       Plaintiff,                      Case No. 09-13492
                                               HON. GEORGE CARAM STEEH

vs.


UNUM LIFE INSURANCE, *et al.*,

       Defendants.
_____/

ORDER  DENYING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF
SURVEILLANCE VIDEOTAPE, INCIDENT REPORTS, AND WITNESS NAMES [#34]
AND GRANTING PLAINTIFF'S MOTION TO CLARIFY PRODUCTION OF
ADMINISTRATIVE RECORD AND ALLOW SUBMISSION OF PREVIOUS MEDICAL
RECORDS NOT PART OF CURRENT ADMINISTRATIVE RECORD [#35]

      Before the court are the following motions, both filed by plaintiff on October 14, 2010:  (1) motion to compel production of surveillance videotape, incident report, and witness names and (2) motion to clarify production of administrative record and allow submission of previous medical records not part of current administrative record. Defendant Unum Life Insurance Company of America (Unum) filed a response to plaintiff's motions on October 28, 2010.  Pursuant to E.D. Mich. Local R. 7.1(f)(2), it is ORDERED that the motions be resolved without oral argument.

      On September 9, 2010, the court entered a stipulation and order remanding this matter to Unum to consider plaintiff's claim for benefits in light of supplemental material provided by plaintiff.  The court's September 9, 2010 order also stayed this matter pending

-1-

Unum's benefits determination.

Plaintiff now moves for clarification as to which administrative record is being considered by Unum, and for an opportunity to further supplement the administrative record with five additional medical reports related to plaintiff's closed head injury, including two that had already been submitted to Unum by previous counsel, but were not included in the administrative record.

Unum responds that the June 30, 2010 administrative record is the record currently under review for determination of plaintiff's benefits claim. *See* Sept. 9, 2010 Stip. and Ord. at 1. Unum further indicates that it has no objection to the March 9, 2005 Thera Support report (exhibit C) and Firoza B. Van Horn's March 5, 2009 report (exhibit G) being included in the administrative record. However, Unum argues that should the court allow the other three reports to be included in the administrative record, specifically, the September 23, 2004 report (exhibit D), the October 5, 2004 report (exhibit E) and the October 28, 2004 report (exhibit F), these reports should not be considered with respect to plaintiff's claim for benefits prior to the date of denial on administrative appeal. At this juncture, it is unnecessary to determine whether consideration of the latter three reports should be limited as argued by Unum's counsel. That decision will presumably be made administratively and subject to possible review by this court. The reports are obviously relevant to plaintiff's claims and should therefore be included in the record by defendant.

As to plaintiff's motion for materials related to the October 26, 2001 incident, the court finds that such materials are likely irrelevant to plaintiff's claim for benefits; and this court is without authority to order discovery as plaintiff requests.

Accordingly,

Plaintiff's motion to compel production of surveillance videotape, incident reports, and witness names is DENIED.

Plaintiff's motion to clarify production of administrative record and allow submission of previous medical records not part of current administrative record is GRANTED.

IT IS SO ORDERED.

Dated: November 3, 2010

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 3, 2010, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk