UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMARA CIARAMITARO,

       Plaintiff,                      Case No. 09-13492
                                          HON. GEORGE CARAM STEEH

vs.


UNUM LIFE INSURANCE, *et al.*,

       Defendants.
_____/

ORDER DENYING PLAINTIFF'S REQUEST TO COMPEL DEFENDANT UNUM TO RECALCULATE DISABILITY BENEFITS DETERMINATION AND DENYING PLAINTIFF'S REQUEST FOR CIVIL PENALTIES, PRE-JUDGMENT INTEREST, PUNITIVE DAMAGES AND ATTORNEY FEES

    I.      INTRODUCTION

Plaintiff, Tamara Ciaramitaro, filed the instant action against defendant Unum Life Insurance Company of America ("Unum")[1] alleging that Unum improperly denied her claim for long term disability benefits under a plan issued by Unum in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. On September 9, 2010, this court entered a stipulated order remanding this matter to defendant UNUM so

---

[1] Plaintiff also brought suit against her employer, Greektown Casino, LLC, ("Greektown") whose sole involvement in this matter is that it sponsored the Plan which insured plaintiff. Plaintiff's complaint fails to allege that defendant Greektown had any control over, or role in administering, the subject Plan, nor that it had any involvement in the decision to deny her claim for benefits. Therefore, Greektown is not a proper party defendant and is dismissed from this action. See Daniel v. Eaton Corp., 839 F. 2d 263, 266 (6th Cir. 1988).

-1-

that UNUM could consider plaintiff's claim for benefits in light of supplemental material submitted by plaintiff.

## II.   FACTUAL BACKGROUND

On or about March 31, 2011, Unum informed plaintiff of its decision to award her complete benefits under the plan. The gross benefit awarded was $161,576.50, however, Unum deducted various offsets for payments plaintiff received from worker's compensation and the Social Security Administration pursuant to the plan. Plaintiff claims that some of these deductions or offsets were improper. On August 23, 2011, Unum provided plaintiff with a detailed explanation of its decision as required by this court's July 26, 2011 order.

Plaintiff asserts that Unum improperly offset $68,000.00 in attorney's fees paid to her prior counsel as a contingency fee for his representation of her in the worker's compensation matter, as well as improperly offset $106,280.53 for her worker's compensation award. Plaintiff maintains that the worker's compensation offset is improper because the plan provides for deductions only if the payments were made for the same disability that Unum approved benefits for, and her worker's compensation award was based on her degenerative lumbar injury, and not her closed head injury. Plaintiff maintains that Unum's March 31, 2011 approval of her claim for benefits was solely for her closed head injury rendering the offset for her worker's compensation payment improper under the plan.

Plaintiff also argues that she is entitled to unpaid interest under 29 U.S.C. § 1132(g)(2)(B) and attorney's fees under § 1132(g)(1). Plaintiff believes that Unum wrongfully denied her claim for approximately eight years, therefore she is entitled to interest, attorney fees and penalties on her award due to the arbitrary and capricious nature

in which Unum handled her claim for benefits.

### III.  LAW & ANALYSIS

#### A.  Offsets

The court must determine whether Unum's offset of plaintiff's worker's compensation award was arbitrary and capricious, or whether it was rational in light of the plan provisions and based on substantial evidence.[2]  "The arbitrary and capricious standard is 'the least demanding form of judicial review of administrative action. When it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary or capricious.'" Schwalm v. Guardian Life Ins. Co. Of Am., 626 F. 3d 299 (6th Cir. 2010).  "A decision reviewed according to the arbitrary and capricious standard must be upheld if it results from a deliberate principled reasoning process and is supported by substantial evidence." Id.

Plaintiff argues that she alleged three separate injuries to support her claim for benefits from Unum, which included "injury to her cervical spine, degeneration of her lumbar region, and a closed head injury." See Plf.'s Resp. at 2.  Plaintiff further argues that because her worker's compensation award was limited to her degenerative lumbar condition, Unum is only entitled to offset her worker's compensation award if Unum's decision approving plaintiff's claim for benefits is related to her degenerative lumbar region.

Unum's August 23, 2011 letter explaining its benefits determination indicated that:

> Upon further review and consideration of the additional material on remand, and in conjunction with all other material contained in Ms. Ciaramitaro's claim

---

[2] This court's review of Unum's decision is governed by the "arbitrary and capricious" standard because the plan vests Unum with discretion.  See Plan, CC.FP-1; see also, Wilkins v. Baptist Health Care Sys., 150 F. 3d 609, 613 (6th Cir. 1998).

> file, Unum determined that Ms. Ciaramitaro is disable within the meaning of the Plan.
>
> \*        \*        \*
>
> Unum's conclusion was based on evidence established that Ms. Ciaramitaro is disabled, either separately or in combination, from a lumbar disorder and a mental disorder.

See Def.'s Exp. of Benefits, Ex. 1. Therefore, Unum's benefits determination that plaintiff is disabled based on a combination of her lumbar disorder and mental condition entitles Unum to offset or deduct plaintiff's worker's compensation award from her disability benefits award under the terms of the plan.[3]

Plaintiff is incorrect in arguing that the only new evidence reviewed by the plan administrator were records related to plaintiff's closed head injury. Unum's August 23, 2011 explanation of benefits letter identifies a November 3, 2004 MRI of the lumbar spine by Dr. Sweet evidencing lumbar disc herniation. Unum did not have this evidence when it initially denied plaintiff's claim for benefits on August 25, 2004. "A court may consider only that evidence presented to the plan administrator at the time he or she determined the employee's eligibility in accordance with the plan's terms." Schwalm, 226 F. 3d at 308.

Additionally, plaintiff argues that if the court finds that the offset for her worker's compensation is appropriate, the court should credit plaintiff for the attorney fees portion of the worker's compensation award as only the net benefit received by plaintiff is subject

---

[3] The relevant plan provision states:

> Unum will subtract from your gross disability payment the following deductible sources of income:
> (1)    The amount that you receive or are entitled to receive under . . . a worker's compensation law.

to offset. Unum responds that it has agreed to recalculate the benefits determination if plaintiff's counsel provides documentation detailing the amount of attorney's fees paid to plaintiff's worker's compensation counsel, however plaintiff's counsel has not yet provided this documentation.

### B. Unpaid Interest, Civil Penalties and Punitive Damages

Plaintiff argues that if Unum is allowed to offset her worker's compensation award, she should be entitled to prejudgment interest because Unum acted in bad faith in initially denying her claim for disability benefits based on her lumbar injury. Plaintiff maintains that the November 2004 MRI by Dr. Sweet is merely duplicative of a prior, February 2003 MRI received by Unum's doctor, who acknowledged her lumbar radiculopathy, agreed that she should be restricted from lifting twenty pounds on a regular basis, but concluded that this restriction did not result in long term disability. Plaintiff argues that Unum has acted in bad faith because it now awards her claim for benefits based on the same lumbar injury it denied her benefits claim on in 2004.

In support of her request for prejudgment interest, plaintiff provides the court with no controlling authority from this circuit. See Landweher v. Dupree, 72 F. 3d 726 (9th Cir. 1995) (concluding that an award of pre-judgment interest was not warranted without evidence that the defendant acted in bad faith); see also, Hummell v. S.E. Rykoff & Co., 634 F. 2d 446 (9th Cir. 1980). ERISA does not expressly provide for prejudgment interest. See Mansker v. TMG Life Ins. Co., 54 F. 3d 1322 (8th Cir. 1995); see also, Dependahl v. Falstaff Brewing Corp., 653 F. 2d 1208, 1218 (8th Cir. 1981). Courts that have awarded prejudgment interest in ERISA cases rely on the language in 29 U.S.C. § 1132(a)(3)(B), which states that an action may be brought on behalf of a plan participant "to obtain other

appropriate equitable relief . . . ."  29 U.S.C. § 1132(a)(3)(B).  In Mansker, the Eighth Circuit Court of Appeals concluded that it was not an abuse of discretion for the district court to award prejudgment interest to make the plaintiff whole.  Id. at 1331.  The Mansker court relied on the reasoning in Dependahl, where the court held that an award of prejudgment interest was appropriate because

> [t]he [employees] have been denied their contractual severance benefits for a period of approximately four years before final judgment was rendered. [The employer] has continued to have the use of his money.  Furthermore, the exact amount of the liability on the plans was never in issue.  The only question was whether the employee benefit plan was binding in light of the 'just cause' exception. Under these circumstances, an award of prejudgment interest is necessary in order that the plan participants obtain 'appropriate equitable relief.'

Id. at 1220.  The court declines to award prejudgment interest under the circumstances here because there is no evidence that Unum acted in bad faith in initially denying plaintiff's claim for benefits.  When Unum initially denied plaintiff's claim for benefits on August 25, 2004, the record before it did not include plaintiff's medical records from November of 2004 through May of 2010; records which plaintiff was allowed to add to the administrative record for further consideration of her claim on remand.  Unlike the plaintiffs in Mansker and Dependahl, plaintiff has not demonstrated that she was wrongfully denied use of benefits while Unum continued to have use of the money.  The court also declines to fine Unum under 29 U.S.C. §1132(c) as plaintiff's bare assertion that the court has discretion to fine Unum fails to convince the court of the propriety of imposing such a sanction.  Lastly, plaintiff is not entitled to punitive damages under ERISA.  See Ford v. Uniroyal Pension Plan, 154 F. 3d 613, 618 (6th Cir. 1998).

D.   Attorney's Fees

In certain ERISA actions, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). This court must consider five factors to determine whether attorney's fees are appropriate. Sec. of Dept. of Labor v. King, 775 F. 2d 666, 669 (6th Cir. 1985). Specifically, the court must evaluate: "(1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions." Id.

Plaintiff has failed to provide the court with sufficient information to rule on her request for attorney's fees. Specifically, plaintiff has not advised the court as to the amount sought, nor provided any information as to the number of hours worked, the hourly fee counsel charges for his services, and the prevailing rate in the legal community for similar services. The court denies counsel's request for attorney's fees without prejudice, and will entertain a subsequent motion by counsel concerning attorney fees if counsel provides the necessary information and documentation to support his request for attorney fees.

IV.   CONCLUSION

Plaintiff's request for recalculation of her benefits determination, and an award of civil penalties, pre-judgment interest, and punitive damages is DENIED.

Plaintiff's request for attorney's fees is DENIED without prejudice.

This action is dismissed as MOOT. The court will retain jurisdiction for a period of

ninety (90) days to consider plaintiff's counsel's renewed request for attorney fees.

SO ORDERED.

S/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 3, 2012, by electronic and/or ordinary mail.

S/Marcia Beauchemin  
Deputy Clerk

---