UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMARA CIARAMITARO,

        Plaintiff,

vs.

        Case No. 09-13492
        HON. GEORGE CARAM STEEH

UNUM LIFE INSURANCE COMPANY
OF AMERICA,

        Defendant.

_____/

ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES IN PART, GRANTING PLAINTIFF'S RULE 59(E) MOTION, DENYING PLAINTIFF'S RULE 60(B) MOTION AND REMANDING MATTER TO CLAIMS ADMINISTRATOR FOR RECALCULATION OF BENEFITS DETERMINATION

I.    Introduction

Plaintiff filed the instant action for disability benefits against defendant Unum pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). The court remanded this matter to Unum to reconsider plaintiff's claim for benefits, and on March 31, 2011, Unum awarded plaintiff benefits in the amount of $161,576.50.

However, various offsets were deducted for payments received from worker's compensation and the Social Security Administration. Thereafter, plaintiff moved for an order compelling Unum to recalculate disability benefits determination and for attorney's fees, pre-judgment interest, civil penalties and punitive damages. Plaintiff argued that

-1-

Unum improperly offset attorney fees and expenses paid to her prior counsel for his representation in her worker's compensation matter, as well as improperly offset the worker's compensation award because the plan provides for deductions only if the payments were made for the same disability that Unum approved benefits for, and her worker's compensation award was for her lumbar injury, rather than her closed head injury. On February 3, 2012, this court denied plaintiff's motion in its entirety and dismissed this action. Presently before the court are the following motions: (1) plaintiff's motion for attorney fees, costs and expenses; (2) plaintiff's Rule 59(e) motion to alter or amend the judgment; and (3) plaintiff's Rule 60 motion for relief from judgment. The parties have fully briefed their respective positions and oral argument was held on May 31, 2012.

    II.    Law & Analysis

    A.    Request for Attorney's Fees, Costs and Expenses

Plaintiff's counsel maintains that his request for attorney fees, costs and expenses is reasonable. He argues that he expended a total of 256.50 hours in the representation of plaintiff in this matter. He further asserts that $225.00 per hour is a reasonable hourly rate. Therefore, he requests a fee award in the amount of $48,169.51, as well as costs and expenses in the amount of $1,641.69, for a total award of $49,811.20.

In certain ERISA actions, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). Plaintiff has the burden of establishing entitlement to attorney's fees under Sec. of Dept. of Labor v. King, 775 F. 2d 666, 669 (6th Cir. 1985). See Foltice v. Guardsman Prods., Inc., 98 F. 3d 933, 936-37 (6th Cir. 1996). Specifically, the court must evaluate: "(1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award

of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions." Id. "The King factors are not statutory . . . and need not be parsed as though they were[;] none of them is necessarily dispositive." Foltice, 98 F.3d at 937.

At the outset, the court rejects plaintiff's argument that the King factors are inapplicable pursuant to the Supreme Court's recent decision in Hardt v. Reliance Standard Life Insurance Co., 130 S. Ct. 2149; 176 L. Ed. 2d 998 (2010). In Hardt, the Supreme Court held that a fee claimant need not be a "prevailing party" to be eligible for an award of attorney's fees under § 1132(g)(1). Id. at 2152. Rather, "some degree of success on the merits" is all that is required to be eligible for an award of attorney's fees. Id.

Plaintiff relies on a case from the Eastern District of Kentucky as support for her argument that under the circumstances, this court can forego analysis of the King factors. See Pemberton v. Reliance Standard Life Ins., Co., No. 08-86-JBC, 2011 U.S. Dist. LEXIS 24939, * 8 (E.D. Ken. March 10, 2011) (foregoing analysis of the King factors after concluding that the plaintiff achieved some degree of success on the merits under Hardt). The Pemberton court noted that "[t]he Supreme Court did not foreclose the possibility of a court's [sic] considering the King factors." Pemberton, 2011 U.S. Dist. LEXIS, at *8. Further, an unpublished decision from the Sixth Circuit Court of Appeals demonstrates that analysis of the King factors is still required. In O'Callaghan v. SPX Corp., 442 F. App'x. 180 (6th Cir. 2011), the court affirmed the district court's conclusion that the plan administrator's decision to deny continuation of long term disability benefits was arbitrary and capricious,

as well as the district court's denial of the plaintiff's request for attorney's fees after review of the King factors. Id. at 183, 185. The O'Callaghan court rejected the plaintiff's argument that the King factors were no longer applicable in light of the Supreme Court's decision in Hardt, supra, finding in relevant part:

> The Supreme Court's subsequent decision in Hardt v. Reliance Standard Life Ins. Co., 130 S. Ct. 2149, 2156, 176 L. Ed. 2d 998 (2010), does not change matters. Hardt clarified that a fee claimant need not be a "prevailing party" to be eligible for attorney's fees under ERISA's fee-shifting statute. Eligibility for attorney's fees requires merely that the claimant have achieved "some degree of success on the merits." Id. at 2158. But Hardt does not change the district court's five-factor analysis. Hardt merely relaxes the threshold for eligibility for attorney's fees–from "prevailing party" to "some degree of success on the merits." Id. at 2156. Even under this more relaxed threshold for eligibility, [plaintiff] must still demonstrate his entitlement to attorney's fees under 29 U.S.C. § 1132(g)(2).

Id. at 186.

The court further rejects plaintiff's argument that this court's February 3, 2012 order indicated that plaintiff was eligible for attorney's fees and that all plaintiff was required to do was submit billing records. The court's order advised counsel that it would "entertain any subsequent motion by counsel concerning attorney fees if counsel provides the necessary information and documentation to support his request for attorney fees." Dkt. No. 50 at 7. The court did not review the King factors at that time because of the futility of such review without the pertinent documents concerning plaintiff's fee and costs requests.

Unum argues that it is unreasonable for plaintiff's counsel to claim he spent 256 hours working on this case. This court has never been called upon to review the merits of Unum's benefits determination. Rather, this court remanded the matter, upon Unum's suggestion, so that Unum could consider plaintiff's claim on a supplemented Administrative Record. Additionally, Unum argues that plaintiff has failed to meet her burden establishing

her entitlement to attorney's fees and costs utilizing the King factors.

As to the first factor–degree of Unum's culpability or bad faith– Unum argues there is no possible basis upon which this court can conclude that Unum has acted in bad faith. Unum has gone to exceptional lengths to ensure that plaintiff's claim for benefits was considered on a full and complete administrative record and upon remand Unum awarded plaintiff's claim for benefits.

As to the second factor-Unum's ability to satisfy an award of attorney's fees–this factor favors plaintiff, who is indigent and unable to work due to her disabling medical conditions.  However, the Sixth Circuit Court of Appeals has held that "prior cases have considered this factor 'more exclusionary than for inclusionary purposes.'" Warner v. DSM Pharma Chems. North America, Inc., No. 10-1350, 2011 U.S. App. LEXIS 25927 (6th Cir. Dec. 27, 2011).  The third factor–deterrent effect of an award on other persons similarly situated–Unum argues an award here will have the perverse effect of punishing Unum for reconsidering plaintiff's claim and awarding benefits.

Unum argues that the fourth factor also does not favor a fee award because plaintiff was acting solely for her benefit, she was not seeking to confer a common benefit on other similarly situated plan participants.  Unum argues that the fifth factor–relative merits of the parties' positions-does not favor an award of attorney's fees because plaintiff's benefits were awarded without any merits decision from the court.

Contrary to Unum's contention, the court finds culpability regarding Unum's determination to offset plaintiff's entire worker's compensation award without attempting to obtain information concerning the attorney fees and expenses paid out of the award.  It is unreasonable for Unum to offset the entire award knowing it is a virtual certainty that

attorney's fees and expenses were paid to counsel for his representation of plaintiff as provided by statute. Unum was able to obtain documentation pertaining to plaintiff's worker's compensation award and could have obtained information as to the amount of attorney's fees and expenses paid from this award, but for whatever reason, Unum did not seek to accurately offset plaintiff's worker's compensation award.

The court therefore concludes that the first, second and third <u>King</u> factors favor a limited award of attorney's fees and expenses based upon the work performed seeking and pertaining a recalculation of benefits. Therefore, the court awards attorney's fees in the amount of $5,000.00.

B.    <u>Rule 59(e) Motion to Alter or Amend Judgment</u>

"Motions to alter or amend judgment may be granted if there is clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." <u>Gencorp, Inc. v. American Int'l Underwriters</u>, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted).

Plaintiff asks the court to modify its February 3, 2012 order denying her request to compel Unum to recalculate benefits as plaintiff now has the requisite documentation establishing the exact attorney fees and expenses paid to her worker's compensation counsel. The court's February 3, 2012 order stated in relevant part:

> Additionally, plaintiff argues that [] the court should credit plaintiff for the attorney fees portion of the worker's compensation award as the only net benefit received by plaintiff is subject to offset. Unum responds that it has agreed to recalculate the benefits determination if plaintiff's counsel provides documentation detailing the amount of attorney's fees paid to plaintiff's worker's compensation counsel, however plaintiff's counsel has not yet provided this documentation.

Dkt. No. 50 at 5.  Plaintiff argues that she has documentation verifying that $32,808.83[1] was paid out in attorney fees and expenses for plaintiff's worker's compensation case. Plaintiff attaches the billing records from her worker's compensation counsel, as well as a copy of the opinion and order dated March 23, 2006 verifying that the attorney fees associated with plaintiff's worker's compensation settlement was not to exceed 30% of the recovery.

As Unum correctly argues, the documentation establishing the amount of attorney fees and expenses paid to plaintiff's worker's compensation counsel is not "newly discovered evidence."  The Sixth Circuit Court of Appeals has held that "[t]o constitute 'newly discovered evidence,' the evidence must have been previously unavailable" to the movant.  Gencorp, 178 F. 3d at 834.  This requires a showing that such evidence "could not have been discovered previously with due diligence."  Montgomery v. Bagley, 581 F. 3d 440, 451 (6th Cir. 2009).  Plaintiff's motion includes May 12, 2006 billing invoices that could have been discovered prior to the court's February 3, 2012 decision.

However, the court finds that modifying its February 3, 2012 order is warranted to prevent a manifest injustice.  Specifically, a manifest injustice will occur if the attorney fees and expenses paid out of plaintiff's workers compensation award are not credited to the offset deducted from plaintiff's benefits award.  Therefore, the court remands this matter to Unum to recalculate plaintiff's benefits determination.   Unum's potential recalculation

---

[1] Plaintiff's motion indicates that this figure totals $46,202.52, however, at the hearing plaintiff advised the court that the actual figure is $32,808.83 because the higher amount includes $13,393.69 in lien payments that are properly offset against Unum's disability award.  A review of plaintiff's documentation concerning the worker's compensation award indicates $32,808.83 in attorney fees and expenses was paid to plaintiff's worker's compensation counsel.  See Plf.'s Rule 59(e) motion, Ex. 2.

shall also include review of any payments made to Unum for satisfaction of liens that plaintiff paid from her worker's compensation award and shall credit plaintiff accordingly.

### C. Rule 60 Motion For Relief From Judgment

Federal Rule of Civil Procedure 60(b) allows a party relief from judgment, order or other proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence, that, with reasonable diligence, could have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The Sixth Circuit Court of Appeals has held that "relief under Rule 60(b) is circumscribed by public policy favoring finality of judgment and termination of litigation," and "[a]ccordingly the party seeking relief under Rule 60(b) bears the burden of establishing grounds for such relief by clear and convincing evidence." Info-Hold, Inc. v. Sound Merchandising, Inc., 538 F. 3d 448, 454 (6th Cir. 2008).

Plaintiff moves for relief from judgment concerning the following findings of this court: 1) Unum's benefits determination that plaintiff "is disabled, either separately or in combination, from a lumbar disorder and a mental disorder" entitles Unum to offset plaintiff's worker's compensation award from her disability benefits award under the terms of the plan; 2) plaintiff is not entitled to pre-judgment interest because Unum did not act in bad faith; and 3) the dismissal of defendant Greektown Casino, LLC because Greektown had no role in the administration of the plan.

As to plaintiff's first request for relief from judgment concerning Unum's offset of her worker's compensation award based on Unum's finding that plaintiff is disabled, either separately or in combination, from a lumbar disorder and a mental disorder, plaintiff argues that she is entitled to relief under Rule 60(b)(1) which allows the court to grant a party relief if a mistake or inadvertence occurred. Plaintiff argues that this court did not mention the specific policy language in the plan concerning offsets: "Unum will only subtract deductible sources of income payable as a result of the same disability." Plaintiff is incorrect, the court did not overlook the plan language. See Dkt. No. 50 at 2 ("Plaintiff maintains that the worker's compensation offset was improper because the plan provides for deductions only if the payments were made for the same disability that Unum approved benefits for, and her worker's compensation award was based on . . . .").

Plaintiff asserts that she should have been awarded prejudgment interest even though this court concluded in its February 3, 2012 order that Unum did not act in bad faith. Plaintiff claims that Drennan v. General Motors, 977 F. 2d 246 (6th Cir. 1991) allows an award of prejudgment interest and requires this court to analyze the position of plaintiff rather than the actions of defendant in resolving this issue. In Drennan, "[t]he district court, without explanation, declined to impose prejudgment interest." Id. at 253 (emphasis added). The Sixth Circuit held that "the district court should have considered the position of the [plaintiffs], rather than the conduct of GM, in arriving at a resolution of this issue." Id. Thus, this court did exactly what Drennan requires, that is, upon review of plaintiff's submission, the court concluded that "plaintiff has not demonstrated that she was wrongfully denied use of benefits while Unum continued to have use of the money." Dkt. No. 50 at 6.

As to plaintiff's argument that this court erred in dismissing Greektown Casino,

concluding:

> Plaintiff also brought suit against her employer, Greektown Casino, LLC, whose sole involvement in this matter is that it sponsored the Plan which insured plaintiff. Plaintiff's complaint fails to allege that defendant Greektown had any control over, or role in administering, the subject Plan, nor that it had any involvement in the decision to deny her claim for benefits. Therefore, Greektown is not a proper party defendant and is dismissed from this action.

Dkt. No. 50 at 1. Plaintiff maintains that the plan identifies Greektown as the plan administrator. On July 27, 2010, defendant Greektown filed a motion to dismiss under Rule 12(b)(6), which the court stayed until a full decision on remand could be made. Plaintiff asks that she be permitted to respond to Greektown's motion to dismiss. Greektown was properly dismissed from this action. Plaintiff has not pointed to any evidence in the administrative record demonstrating that Greektown had any control over plaintiff's benefits determination.

Plaintiff also moves for relief from judgment pursuant to Rule 60(b)(6), which may be used to relieve a party from judgment only in extraordinary circumstances which are not addressed by the first five subsections of Rule 60(b). Ford Motor Co. v. Mustangs Unlimited, Inc., 487 F. 3d 465, 468 (6th Cir. 2007). The Sixth Circuit has stated that: "Courts . . . must apply subsection (b)(6) only as a means to achieve substantial justice when something more than one of the grounds contained in Rule 60(b)'s first five clauses is present. The something more . . . must include unusual and extreme situations where principles of equity mandate relief." Id. (internal citations and quotations omitted). Plaintiff's arguments do not demonstrate that an unusual or extreme situation exists that warrants relief from judgment. Plaintiff merely raises previous arguments already reviewed and rejected by this court.

III.     Conclusion

Plaintiff's motion for attorney's fees, costs and expenses [#51] is GRANTED IN PART.  Plaintiff is awarded $5,000.00 in attorney's fees.

Plaintiff's motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) [#52] is GRANTED.  This matter is remanded to Unum to recalculate plaintiff's benefits determination in accordance with this order.  Unum shall recalculate and pay plaintiff within forty-five (45) days from the date of this order.  Unum's revised benefits determination may be reviewed by this court upon motion of any party.

Plaintiff's motion for relief from order pursuant to Fed. R. Civ. P. 60 [#54] is DENIED.

SO ORDERED.

Dated:  June 6, 2012

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 6, 2012, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

-11-