UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMARA CIARAMITARO,

    Plaintiff,                       Case No. 09-CV-13492
                                          HON. GEORGE CARAM STEEH

vs.

UNUM LIFE INSURANCE, *et al.*,

    Defendants.
_____/

## ORDER ON REMAND AWARDING ATTORNEY FEES

This matter was recently remanded by the Sixth Circuit solely as to the issue of an ERISA attorney fee award. The parties have now submitted supplemental briefing on the issue, and oral argument was held July 16, 2013.

As plaintiff highlights, the Sixth Circuit stated the following reasoning for vacating this court's award of $5,000 in attorney fees:

> There is no Lodestar calculation or any explanation at all for how the District Court, once it determined that Plaintiff was entitled to fees, came up with the $5,000.00 amount. Therefore, in order to allow for a meaningful appellate review, we vacate the District Court's attorney's fee award and remand for the District Court to reconsider or further explain its conclusion.

Ciaramitaro v. Unum Life Ins. Co. of America, 2013 WL 1339076 at *7. As discussed by the Sixth Circuit's decision, it has previously held (albeit in an unpublished case) that the case of Hardt v. Reliance Standard Life Insurance Co., 560 U.S. 242 (2010) "relaxed the threshold for eligibility for attorney's fees–from 'prevailing party' to 'some degree of success on the merits.'" O'Callaghan v. SPX Corp., 442 F. App'x 180 (6th Cir. 2011). See also McKay v. Reliance Standard Life Ins. Co., 428 F. App'x 537, 546 (6th Cir. 2011).

-1-

Nonetheless, application of the traditional five-factor Secretary of Department of Labor v. King, 775 F.2d 666, 669 (6th Cir. 1985), test in deciding whether to award attorney's fees remains appropriate. See Hardt, 130 S. Ct. at 2158, n.8, McKay, 428 F. App'x at 546. While this court's previous order referenced those factors, it did so in a cursory manner, and did not apply a lodestar in making its award. The renewed argument of the parties, along with the court's focused consideration of plaintiff's counsel's efforts and the King factors, has persuaded the court to make a somewhat larger award of attorney fees than it did in its vacated order.

The first King factor, which requires the court to assess the degree of Unum's culpability or bad faith, does not weigh very significantly in the court's award. In its earlier order, the court found that Unum had some culpability in failing to closely examine plaintiff's worker's compensation award, instead offsetting the entire amount awarded. The court will again give some weight to Unum's treatment of the worker's compensation award, as it did in its previous order. However, it finds that the parties' current arguments concerning Unum's alleged objection to including certain medical reports in the record does not weigh in either party's favor. Unum's arguments concerning the medical reports demonstrates to the court that its approach was reasonable, and the court agrees that it does not appear that these particular reports were "instrumental" in Unum's decision on remand. Therefore, on balance, the first King factor is weighted only slightly in plaintiff's favor.

Regarding the second King factor, the opposing party's ability to satisfy the award, there is no dispute concerning the parties' relative financial situations.

Concerning the third factor, deterrent effect of an award on other persons similarly situated, the court appreciates Unum's argument that an award would have the effect of

punishment, which Unum has argued does not take into account its cooperative efforts in this case. On the other hand, the court also finds that plaintiff's need to file a lawsuit and pursue her claims in this matter is a significant factor, although the assistance of counsel in this matter was perhaps not as crucial as some where the plan administrator is less responsive.

The fourth and fifth King factors are "(4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan; and (5) the relative merits of the parties' positions." Foltice v. Guardsman Prods., Inc., 98 F.3d 933, 936-37 (6th Cir. 1996) (citing King, 775 F.2d at 669). As it did in its June 2012 order, although without explicitly stating so, the court finds that on balance, these factors do not significantly assist the plaintiff's fee request. Plaintiff did not seek to confer any common benefit on plan participants, and the merits of the parties' positions were not determined by the court, given that Unum voluntarily awarded benefits to plaintiff during the pendency of the litigation. However, the court is of the opinion that at least some of the actions taken by Unum were triggered by the filing of this litigation generally and more specifically by plaintiff's motion practice in the case, which the court has taken into consideration in this determination.

In examining the amount of fees requested by plaintiff, which totaled nearly $50,000, the court previously found that plaintiff was entitled to only one tenth of that amount. The court notes that it made this decision finding that Unum's decision to award benefits was largely based upon plaintiff's worker's compensation and SSDI materials. Furthermore, the court agreed that plaintiff submitted much of the influential material to Unum on remand before plaintiff's counsel appeared on the scene in August 2010. The renewed briefing and

recent hearing on this issue has impacted the court's decision on this matter, convincing it to increase the award. The court has taken into account the number of hours plaintiff's counsel spent on aspects of this case the court agrees were necessary, and will add a limited amount of compensation to its previous award for these matters.

The court will next apply a lodestar formula to the work of plaintiff's counsel the court finds compensable. Plaintiff's counsel filed an appearance in this matter in early August, 2010, following which he logged a large number of hours reviewing the administrative record and litigation history and briefings and conferring with his client. A few months later, plaintiff filed a motion to clarify production of the administrative record. Defendant highlights 6.5 hours specifically identified in connection with the October 14, 2010 motion, but argues that counsel should be compensated for only 3.25 of those hours. The court finds that the time identified by Unum is a reasonable amount of compensable time for this particular motion–which as plaintiff argues, was partially successful for her. It will award plaintiff 6.5 hours of attorney fees on that motion.

Following that motion, plaintiff's counsel filed a motion to compel Unum to submit a final determination. Unum explains why, from its perspective, that motion was unreasonable, for the reason that Unum had stipulated to a better result than that ultimately reached by disposition of plaintiff's motion. However, Unum's explanation does not address the fact that it appears the stipulation offered by Unum was proposed only after plaintiff filed the motion. Upon questioning at oral argument concerning this issue, counsel for Unum indicated that he did not recall the sequence of events. Accordingly, the court finds the filing of the motion entirely reasonable, while pursuing it after Unum's response may not have been. The court will therefore credit plaintiff's counsel with 4.25 hours of

compensable time on that motion.

The remaining matter specifically addressed in the briefing is a June 20, 2011 motion for explanation of the benefit award. The court agrees to some extent with each party's argument here. While Unum argues that plaintiff did not obtain any of her requested relief, the court notes that again it was an in-chambers meeting that resulted in the proposal made by Unum and ultimately ordered by the court. That outcome was undoubtedly assisted by the motion practice of plaintiff's counsel. While the court agrees with defendant that many of the hours on plaintiff's counsel's billing statement might have been avoided, the court will make a limited award of compensable time it concludes is reasonable. Accordingly, the court will award the 3.25 hours listed for attending the hearing on the motion and a total of 13 hours for the drafting of briefing, research, and conferences conducted in connection with that motion.

The court acknowledges that plaintiff's counsel's billing records include many more hours devoted to file review, conferences, drafting of documents, and client contact. The court is of the opinion that under the particular circumstances present here, a limited additional award should be granted to compensate plaintiff's counsel for some of that time. The court is well aware of the uniquely high level of the client's involvement in this case. In fact, plaintiff's counsel has openly acknowledged his time spent conferring with plaintiff was "excessive," but nevertheless undertaken to insure her full understanding of his undertakings and their results in the case. The court finds an award of fees representing 10 hours of time devoted by plaintiff's counsel to communication with his client to be appropriate, which it recognizes is a fraction of the time actually spent on this aspect of the case. Finally, the court will award an additional six hours of time spent on review of the

record and additional administrative activities of plaintiff's counsel.

All told, the court has identified a total of 43 hours it finds were reasonably spent on the case by plaintiff's counsel. Further, the court finds, and defendant does not dispute, that the requested hourly rate of $225.00 is reasonable. Accordingly, the court will award $9675.00 in attorney fees for plaintiff's counsel.

**IT IS SO ORDERED**.

Dated: July 23, 2013

                                            s/George Caram Steeh
                                            GEORGE CARAM STEEH
                                            UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 23, 2013, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk